UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TONYA RIBBY<br>1357 Utah Street<br>Toledo, Ohio 43605<br><br>on behalf of herself and all others<br>similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>LIBERTY HEALTH CARE<br>CORPORATION<br>7445 Liberty Woods Lane<br>Dayton, Ohio 45459<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Tony Ribby, by and through counsel, and for a Complaint against Defendant Liberty Health Care Corporation ("Liberty Health") states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of failing to pay Plaintiff and other similarly-situated employees for meal periods during which they performed work, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and

omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and resident of Lucas County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At times relevant herein, Defendant conducted business in Lucas County, Ohio.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12. Defendant Liberty Health owned and operated Liberty Nursing Center of Toledo, which was a nursing home located on Ashland Avenue in Toledo, Ohio.

13. On approximately February 7, 2013, Liberty Health closed Liberty Nursing Center of Toledo.

14. Plaintiff Tonya Ribby was employed by Defendant at Liberty Nursing Center of

Toledo as an LPN between approximately June, 2012 and February 6, 2013.

15. Other similarly-situated employees were employed by Defendant at Liberty Nursing Center of Toledo as RNs, LPNs, and STNAs.

16. Plaintiff and other similarly-situated RNs, LPNs, and STNAs were classified by Defendant as non-exempt employees.

17. Plaintiff and other similarly-situated RNs, LPNs, and STNAs were paid by Defendant on an hourly basis.

**(Failure to pay for on-duty meal periods)**

18. Plaintiff and other similarly-situated RNs, LPNs, and STNAs were not provided bona fide meal periods during which they were completely relieved from duty.

19. Defendant automatically deducted 30 minutes from Plaintiff's and other similarly-situated RNs, LPNs, and STNAs' pay each day for a meal period despite the fact that they frequently did not receive meal a period, and/or were required to perform work during their meal periods.

20. As a result of Defendant's failure to pay Plaintiff and other similarly-situated RNs, LPNs, and STNAs for meal periods during which they performed work, Plaintiff and other similarly-situated RNs, LPNs, and STNAs were denied significant amounts of overtime compensation.

21. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated RNs, LPNs, and STNAs for meal periods during which they performed work.

**COLLECTIVE ACTION ALLEGATIONS**

22. Plaintiff brings Count I of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be

adversely affected by Defendant's unlawful conduct.

23. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current RNs, LPNs, and STNAs employed by Liberty Health at Liberty Nursing Center of Toledo at any time between March 21, 2010 and February 7, 2013.

24. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 100 persons.

25. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

26. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

### COUNT ONE
**(Fair Labor Standards Act Violations)**

27. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

28. Defendant's practices and policies of not paying Plaintiff and other similarly

situated RNs, LPNs, and STNAs for meal periods during which they performed work violated the FLSA, 29 CFR § 785.19.

29. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

30. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated RNs, LPNs, and STNAs have been damaged in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class she represents actual damages for unpaid overtime compensation;

D. Award Plaintiff and the class she represents liquidated damages in an amount equal to the unpaid overtime compensation found due to Plaintiff and the class;

E. Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G.	Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

                                                Respectfully submitted,

                                                /s/ Anthony J. Lazzaro
                                                Anthony J. Lazzaro (0077962)
                                                The Lazzaro Law Firm, LLC
                                                920 Rockefeller Building
                                                614 W. Superior Avenue
                                                Cleveland, Ohio 44113
                                                Phone: 216-696-5000
                                                Facsimile: 216-696-7005
                                                anthony@lazzarolawfirm.com
                                                Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

                                                /s/ Anthony J. Lazzaro
                                                Attorney for Plaintiff