IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

TONYA RIBBY, etc.,

                              Plaintiff,                    Case No. 3:13 CV 613

      -vs-

LIBERTY HEALTH CARE CORPORATION,        <u>MEMORANDUM OPINION</u>
                                                            <u>AND ORDER</u>

                               Defendant.

KATZ, J.

      This is a dispute under the Fair Labor Standards Act ("FLSA") where Plaintiff Tonya Ribby alleges her former employer, Defendant Liberty Health Care, as the owner and operator of Liberty Nursing Center of Toledo, denied overtime pay to non-exempt RNs, LPNs, and STNAs. (Doc. 1 (Compl.) at ¶¶ 16-21.) Before this Court is Plaintiff's motion for conditional certification seeking collective action status under the FLSA, 29 U.S.C. § 216(b). (Doc. 8.) Defendants oppose the conditional certification. (Doc. 10.) For the reasons described below, the Court grants the motion.

**Background**

      Defendant Liberty Health Care is a nationwide provider of a broad range of healthcare services, including staffing, consulting, facility and program management, quality management, and outsourcing. In Lucas County, Liberty Health Care owned and operated Liberty Nursing Center of Toledo (a nursing home facility with live-in residents (Doc. 10-1 (Nicole Miller Decl.) at ¶ 4)) until February 2013. (Doc. 7 (Answer) at ¶¶ 12-13.)

      Plaintiff alleges that Defendant automatically deducted 30 minutes from the hourly compensated RNs', LPNs', and STNAs' pay each day regardless of whether or not they received a meal period or were required to perform work during their meal period, (Doc. 1 at ¶ 19.), and, as a

result, that Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated RNs, LPNs, and STNAs for meal periods during which they performed work. (*Id.* at ¶ 21.) Plaintiff alleges that, as a result of Defendant's failure to compensate for meal periods, Plaintiff and other similarly situated RNs, LPNs, and STNAs were denied significant amounts of overtime compensation. (*Id.* at ¶ 20.) It is this final allegation that, if proven true, would bring Defendant in violation of the FLSA. 29 U.S.C. § 207(a)(1) (requiring employers to pay overtime to non-exempt employees for all working time in excess of 40 hours per week).

Plaintiff now moves for conditional certification seeking collective action status under Section 216(b) of the FLSA for a class of all hourly compensated RNs, LPNs, and STNAs who were employed by Defendant at Liberty Nursing Center of Toledo between March 21, 2010 and February 7, 2013 and at some point during that period worked at least 37.5 hours in one week. (Doc. 1 at ¶ 23; Doc. 16 at ¶ 3.) The parties agree that all RNs, LPNs, and STNAs who received hourly compensation at the Toledo facility were non-exempt employees under the FLSA. (Doc. 7 at ¶ 16.) In addition, Plaintiff seeks this Court's order of prompt notice, pursuant to 29 U.S.C. § 216(b), to all potential class members that this litigation is pending and that they have a right to opt in to this litigation. (Doc. 8.) Plaintiff alleges there were "at least 100" RNs, LPNs, and STNAs who might be eligible to opt in to the class. (Doc. 1 at ¶ 24.)

**FLSA Certification Process**

The FLSA provides a private cause of action against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The FLSA does not define "similarly situated," but the Sixth Circuit has stated that similarly situated plaintiffs need not be identical. *O'Brien v. Ed Donnelly Enters., Inc.*, 575

2

F.3d 567, 584 (6th Cir. 2009). Plaintiffs in collective actions are similarly situated when their claims are unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct. *Id.* at 585.

Courts in the Sixth Circuit follow a two-stage certification process to determine whether a proposed group of plaintiffs is similarly situated as required by the statute. The first, or "notice" stage, is "fairly lenient," requiring only that plaintiffs show a colorable basis for their claim that a class of similarly situated plaintiffs exists. *White v. MPW Indus. Servs. Inc.*, 236 F.R.D. 363, 366-67 (E.D. Tenn. 2006); *Olivio v. GMAC Mortgage Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004). Some courts hold that a plaintiff can demonstrate that potential class members are similarly situated, for purposes of receiving notice, based solely upon allegations in a complaint of class-wide illegal practices, *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996), whereas others have required a "modest factual showing." *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595-96 (S.D. Ohio 2002). During the notice stage, courts "do not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations." *Shipes v. Amurcon Corp.*, No. 10-14943 2012 WL 995362, at *5 (E.D. Mich. Mar. 23, 2012) (citing *Wlotkowski v. Mich. Bell Tel. Co.*, 267 F.R.D. 213, 219 (E.D. Mich.2010)). Once plaintiffs meet their burden at this stage, "a defendant cannot overcome their showing by arguing that individual issues predominate." *Id.* at *7.

At the second stage of the class certification process, district courts apply a "stricter standard" and more closely examine "the question of whether particular members of the class are, in fact, similarly situated." *Comer v. Wal-Mart Stores, Inc.* 454 F. 3d 544, 546 (6th Cir. 2006). However, because conditional certification is being determined here at the very early stages of this

3

case, Plaintiff's threshold showing of being "similarly situated" will be measured against the more lenient notice standard.

**Analysis**

Plaintiff alleges that there were "at least 100" nurses (RNs, LPNs, and STNAs) employed by Defendant in Toledo, Ohio; that all of these employees had their meal breaks automatically deducted; and that Defendant knowingly failed to pay these employees overtime for certain periods of time. In *O'Brien*, the Court of Appeals held that the plaintiffs were similarly situated because their claims were unified by common theories of the defendant's statutory violations. 575 F.3d at 585. Here, Plaintiff alleges that the putative class' claims are unified by a common theory of Defendant's statutory violation: a willful and systematic denial of overtime compensation as required by 29 U.S.C. § 207(a)(1), in spite of knowledge that the nurses were working more than 40 hours a week.

Defendant has argued that conditional certification should be denied because individual issues make this case poorly suited for a collective action. However, as stated above, once plaintiffs meet their burden at the notice stage, "a defendant cannot overcome their showing by arguing that individual issues predominate." *Shipes*, 2012 WL 995362, at *7. Furthermore, in *O'Brien* (an appellate review of the more burdensome, second stage of certification), the Sixth Circuit held that the plaintiffs were similarly situated, according to §216(b), despite the fact that proof of a violation as to one particular plaintiff would not prove that the Defendant violated any other plaintiff's rights under the FLSA. 575 F.3d at 585. To the extent they exist in this case, individual issues exist in all collective actions, so a denial of certification on those grounds here would suggest that nearly all cases should be denied certification. Given that the notice stage is

4

fairly lenient and places a low burden on plaintiffs, the existence of individual issues is not an appropriate reason to deny conditional certification.

Defendant also advances several arguments based on the factors considered in *Creely* for conditional certification. *Creely v. HCR ManorCare, Inc.*, 789 F. Supp.2d 819, 826 (N.D. Ohio 2011). However, the court in *Creely* employed a hybrid standard to determine conditional certification. *Id.* Hybrid standards are used, if at all, in the uncommon circumstance in which discovery has been allowed to take place before the question of conditional certification is addressed. This case is not in that disposition and the conditional certification question falls under the stage one notice standard.

Finally, Defendant argues that "under the FLSA, an employer who 'establishes a reasonable process for an employee to report uncompensated work time' is 'not liable for non-payment if the employee fails to follow the established process'" *Creely v. HCR ManorCare, Inc.*, No. 3:09-CV-2879, 2013 WL 377282, *3 (N.D. Ohio Jan. 31, 2013) (quoting *White v. Baptist Mem'l Health Care Corp.*, 699 F. 3d 869, 876 (6th Cir. 2012)). Defendant asserts that this, coupled with the Nicole Miller declaration (Doc 10-1 at exhibit A (with attached, completed examples of the procedure for correcting missed lunches)), is fatal to Plaintiff's case. However, the existence of reasonable time reporting procedures acts as a means of showing lack of knowledge, but does not shield Defendant from liability if Plaintiff can show actual knowledge or that Defendant should have known Plaintiff was uncompensated for some hours. *White*, 699 F.3d at 876; *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 283-84 (2d Cir. 2008). This is precisely what the Plaintiff has alleged here. (*See* Doc. 1 , ¶ 21 ("Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated RNs, LPNs, and STNAs for meal periods during which they

5

performed work.").) Therefore, Plaintiff has sufficiently alleged a claim upon which relief could be granted.

**Conclusion**

Because Plaintiff has established that she is similarly situated to the putative class of Liberty Nursing Center of Toledo non-exempt RNs, LPNs, and STNAs employed between March 21, 2010 and February 7, 2013, this Court grants Plaintiff's motion to conditionally certify the collective action and for discovery from Defendant. (Doc. 8.) The parties shall proceed as follows:

1.) Within 15 days of this Order, Defendant shall provide to Plaintiff a list containing the name, last known home address (including zip code), and last known telephone number of all former and current RNs, LPNs, and STNAs employed by Liberty Health at Liberty Nursing Center of Toledo at any time between three years prior to the date of this Order and February 7, 2013, who were compensated on an hourly basis, and who during that period worked at least 37.5 hours in one or more weeks; and

2.) Within 15 days of this Order, the parties shall file proposed language for notification and consent forms to be issued by the Court apprising potential plaintiffs of their rights under the FLSA to opt in as parties to this litigation. In drafting the proposed notification language, the parties should "be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE