# JOINT STIPULATION
# OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, Plaintiff Tonya Ribby, individually and on behalf of all Plaintiffs, and Defendant Liberty Health Care Corporation ("Liberty Health"), agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1.  "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Western Division entitled *Tonya Ribby v. Liberty Health Care Corporation*, Case No. 3:13-cv-613.

2.  "Plaintiffs' Counsel" shall mean Anthony J. Lazzaro and Sonia M. Gassan of The Lazzaro Law Firm, LLC, and Jason R. Bristol of Cohen Rosenthal & Kramer.

3.  "Representative Plaintiff" or "Class Representative" or "Plaintiff" shall mean Tonya Ribby.

4.  "Plaintiffs" shall include Tonya Ribby and the Opt-In Party Plaintiffs listed in Appendix 1.

5.  "Defendant" shall mean Liberty Health Care Corporation, and all of its former, current and respective officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, and related and affiliated entities.

6.  "Parties" shall mean Plaintiff and Defendant, and "Party" shall mean any one of the Parties.

7.  "Released Period" for Representative Plaintiff shall mean the period of three years prior to the date the Action was filed through and including the date on which the Court gives approval of the Settlement, and for the other Plaintiffs shall mean the period of three years prior to the date each Plaintiff opted into the Action through and including the date on which the Court gives approval of the Settlement.

8.  "Final" shall mean the date the Court has approved the Settlement.

9.  "Settlement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

10.  On March 21, 2013, Plaintiff commenced the Action on behalf of herself and all others similarly situated to her with respect to the claims she asserted.

11. In the Action, Plaintiff alleged that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay employees for meal period during which they performed work. On December 26, 2013, Plaintiff amended her complaint to add a claim for unpaid short rest periods.

12. Defendant denies any liability or wrongdoing of any kind.

13. Plaintiff believes that the Action is meritorious based on alleged violations of the FLSA, and that the Action is appropriate for collective treatment. Defendant denies these allegations. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were entitled to their claimed overtime compensation under the FLSA

14. On September 24, 2014, the Parties, by and through their respective counsel, reached a binding agreement to settle the Action on the terms set forth in this Settlement.

15. Plaintiffs' Counsel represent that they have conducted a thorough investigation into the facts of this Action, and have diligently pursued an investigation of Plaintiffs' claims against Defendant, including reviewing relevant documents, and researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Plaintiffs' Counsel are of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, and Defendant's defenses.

16. This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiff's claims in the Action have merit or that Defendant has any liability to Plaintiffs on those claims.

## SETTLEMENT PAYMENTS

17. **Total Settlement Payment:** The Total Settlement Payment is Eighty Five Thousand Dollars ($85,000.00), including: (a) all Settlement payments to Plaintiffs; and (b) Plaintiffs' Counsel's attorneys' fees and expenses.

18. **Payments to Plaintiffs:** Thirty Nine Thousand One Hundred Fifty Dollars ($39,150.00) of the Total Settlement Payment will be distributed to Plaintiffs in the amounts provided in Appendix 1. This amount compensates Plaintiffs for approximately 71% of their claimed damages owed during the three-year limitations period, and 136% over the two-year limitations period. In addition, 12 of the Plaintiffs who are owed less than $100.00 will receive a $100.00 minimum payment.

19. **Treatment of Plaintiffs' Settlement Payments:** All settlement payments to Plaintiffs will be treated as payments in settlement of wage claims and shall be subject to the withholding of all applicable federal, state and local taxes. Defendant will determine the proper tax withholding amounts in accordance with Plaintiffs' previously elected wage withholding instructions. Defendant will report the settlement payments on IRS Forms W-2. Defendant is responsible for payment of the employer's share of payroll taxes required by law.

20. **Plaintiffs' Counsel's Attorneys' Fees and Costs:** Forty Five Thousand Eight Hundred Fifty Dollars ($45,850.00) of the Total Settlement Payment will be paid to Plaintiffs' Counsel for attorneys' fees and expenses incurred in the Action ($43,000.00 in attorneys' fees and $2,850.00 in expenses). Defendant will issue to Plaintiffs' Counsel a Form 1099 with respect to the attorneys' fees and expenses. Plaintiffs' counsel shall advise Defendant's counsel of the amounts payable to each firm in a letter signed by all counsel for Plaintiff.

## RELEASE OF CLAIMS

21. **Released Claims:** Plaintiffs will release Defendant from any and all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses, whether known or unknown, pursuant to the FLSA and Ohio Minimum Fair Wage Standards Act, for the Released Period.

22. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action. In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.

23. The entry of final judgment in the Action shall release all claims set forth in this entire Section of the Settlement.

## APPROVAL AND DISMISSAL OF THE ACTION

24. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

25. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the Court.

26. **Joint Motion for Approval of Settlement:** On or before October 8, 2014, the Parties will jointly move the Court for entry of an order, proposed and attached as Exhibit 4 to the Parties' Joint Motion For Approval of Settlement, granting final approval of the Settlement, approving the amounts payable to Plaintiffs and Plaintiffs' Counsel, and entering judgment dismissing the Action with prejudice.

27. **Dismissal With Prejudice of the Action:** Upon entry of the Court's final approval order, the Action shall be dismissed with prejudice, and final judgment shall be entered.

## SETTLEMENT ADMINISTRATION

28. **Distribution Process:** Defendant will mail the Settlement Amounts directly to Plaintiffs and Plaintiffs' counsel in two equal installments. The first installment on October 31, 2014, or within 14 days after the Court's entry of an Order granting approval of the Agreement and dismissal of the Action with prejudice, whichever is later. The second installment on January 15, 2015. Defendant will issue separate checks to each Plaintiff and Plaintiffs' Counsel. Plaintiffs' Counsel will provide Defendant with any updated addresses for Plaintiffs. If any checks to Plaintiffs are returned as undeliverable to Defendant, Defendant will mail the checks to Plaintiffs' counsel who will make reasonable efforts to locate the Plaintiffs and redeliver the checks. Defendant agrees to reissue any checks that are not cashed. Defendant is permitted to pay both installments to any of the Plaintiffs on the first installment date.

## PARTIES' AUTHORITY

29. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

30. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

31. The Parties represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

32. Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## CONSTRUCTION

33. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

34. This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

35. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, including the General Settlement and Release Agreement between Representative Plaintiff and Defendant, are merged in this Settlement. No rights under this Settlement may be waived except in writing signed by the Parties.

## BINDING ON ASSIGNS

36. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

37. This Settlement may be executed in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Agreement shall be deemed originals.

## BREACH

38. If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

39. The parties will request that the Court retain jurisdiction to enforce the terms of the Settlement.

## CLASS COUNSEL SIGNATORIES

40. Representative Plaintiff executes this Settlement on behalf of herself and in her representative capacity on behalf the other Plaintiffs. It is agreed that it is burdensome to have all of the Plaintiffs execute this Agreement. Furthermore, the Notice previously advised the Plaintiffs that if they chose to join this Action: (a) they would be bound by the judgment, whether it was favorable or unfavorable; (b) they also would be bound by, and would share in, any settlement that may be reached on behalf of the class; and (c) by joining this Action, each designated the named Plaintiff as his or her agent to make decisions on his or her behalf concerning the Action, including the entering into a settlement agreement with Defendant. This Agreement shall have the same force and effect as if each Plaintiff executed this Agreement.

## EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: _____, 2014    TONYA RIBBY

_____
Plaintiff and Class Representative, Individually and on Behalf of all Plaintiffs

Dated: _____, 2014    LIBERTY HEALTH CARE CORPORATION

By:_____
Its:_____

Dated: _____, 2014    ANTHONY J. LAZZARO
THE LAZZARO LAW FIRM, LLC

By:_____
Attorney for Plaintiffs

Dated: _____, 2014    JASON R. BRISTOL
COHEN ROSENTHAL & KRAMER

By:_____
Attorney for Plaintiffs

Dated: _____, 2014    KEITH PRYATEL
KASTNER WESTMAN & WILKINS, LLC

By:_____
Attorney for Defendant

6

*Ribby v. Liberty Health Care Corporation*
**Appendix 1**

**Overtime Payments**

| First | Last | Amount |
| --- | --- | --- |
| Kaneisha | Akins | $1,216.15 |
| Nathaniel | Clark | $2,951.49 |
| The Estate of Jean Coates | | $9,690.63 |
| Charlotte | Davis | $4,275.83 |
| Laprise | Derden | $1,220.17 |
| Terrell | Hall | $1,091.57 |
| Tamea | Hayward | $327.15 |
| Shauntae | Isaac | $569.99 |
| Ebony | Jackson | $1,957.29 |
| Reola | Jones | $219.22 |
| Kelly | Kibalchich | $824.89 |
| Luvenia | Kinsey | $1,528.89 |
| Edith | Lathan | $1,239.85 |
| Bonnie | Metcalfe | $1,302.55 |
| Erica | Monroe | $821.95 |
| Ashley | Osley | $1,377.16 |
| Glenna | Overton | $1,773.58 |
| Latarion | Parnell | $765.77 |
| Lois | Rettig | $645.45 |
| Tonya | Ribby | $1,069.09 |
| Tiffany | Stephens | $1,081.66 |
| Chaeuteya | Williams | $2,559.47 |
| Charlene | Williams | $640.20 |
| **Total:** | | **$39,150.00** |

**Minimum Payments**

| First | Last | Amount |
| --- | --- | --- |
| Kathleen | Autman | $100.00 |
| Carol | Carlisle | $100.00 |
| Ambrosha | Daniel | $100.00 |
| Marie | Dickerson | $100.00 |
| Arvella | Jones | $100.00 |
| Ronald | McGee | $100.00 |
| Erica (rehire) | Monroe | $100.00 |
| Jill | Stewart | $100.00 |
| Ariel | Garrett | $100.00 |
| Benita | Thomas | $100.00 |
| Carol | Thomas-Bester | $100.00 |
| Kierra | Thorne | $100.00 |
| **Total:** | | **$1,200.00** |